UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

LEONARDO GONZALEZ,

                          Plaintiff,                        **MEMORANDUM & ORDER**

         -against-                            **16-CV-5104 (NGG) (RER)**

RED HOOK CONTAINER TERMINAL LLC,

                         Defendant.

----------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

On July 27, 2016, Plaintiff Leonardo Gonzalez initiated this personal injury action in the

Supreme Court of New York, Kings County, against Defendant Red Hook Container Terminal,

LLC. (Compl. (Dkt. 1-2 at ECF p. 3).) On September, 14, 2016, Defendant removed the case to

this court pursuant to 28 U.S.C. §§ 1331, 1333(1), 1441, and 1446. (Notice of Removal (Dkt. 1)

at 1.) On October 13, 2016, Plaintiff moved to remand the case back to state court (the "Motion

to Remand"). (Mot. to Remand (Dkt. 7).) For the reasons stated below, the court finds that it

lacks subject matter jurisdiction over the case. Therefore, Plaintiff's Motion to Remand is

GRANTED.

## I.    BACKGROUND

This case arises out of an alleged injury sustained by Plaintiff on July 29, 2015, while

working on property operated and managed by Defendant. (See generally Compl.) Plaintiff

alleges that he fell 10 to 15 feet off a splitter that was being hoisted by a crane. (Id. ¶ 13.) He

avers that Defendant was negligent, reckless, and careless in not having a functional safety cage

that could be used for such activities. (Id. ¶ 8.) Plaintiff asserts state-law causes of action

sounding in common-law negligence and violations of various New York labor laws. (Id.

1

¶¶ 18, 31.) Plaintiff also asserts that Defendant violated the rules and regulations of the New York State Industrial Code, the Board of Standards and Appeals, and the Occupational Safety and Health Administration ("OSHA"). (Id. ¶ 26.) Defendant plans to assert the defense that it was Plaintiff's employer at the time of the accident, and is therefore immune from liability under the U.S. Longshore and Harbor Workers' Compensation Act (the "LHWCA"), 33 U.S.C. §§ 901-950. (Def.'s Mem. in Opp'n ("Def. Mem.") (Dkt. 8) at 1.) Plaintiff disputes Defendant's allegation that the parties had an employment relationship. (Pl.'s Reply in Supp. of Mot. to Remand ("Pl. Reply") (Dkt. 9) at 6.)

## II.    LEGAL STANDARDS FOR REMOVAL AND REMAND

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the [federal] district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," id. § 1331, and also over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled," id. § 1333(1). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c).

On a motion to remand, "the party seeking removal bears the burden of establishing to a 'reasonable probability' that removal is proper." Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (quoting Blockbuster, Inc. v. Galeno, 472 F.3d 53, 58 (2d Cir. 2006)). When considering a motion to remand, "the [district] Court 'must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff.'" Marlin Bus. Bank v. Halland Companies, LLC, 18 F. Supp. 3d 239, 240-41 (E.D.N.Y. 2014) (quoting In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996)). "[O]ut of

2

respect for the limited jurisdiction of the federal courts and the rights of states, [the Court] must resolve any doubts against removability." Id. at 241 (quoting In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007)).

## III. DISCUSSION

Defendant argues that the action is properly removed because the case involves a federal question relating to the LHWCA. The court finds, however, that Defendant's anticipated defense based on the LHWCA is insufficient to create federal question jurisdiction. Defendant also contends that the court has admiralty subject matter jurisdiction. In the Second Circuit, however, federal courts have declined to exercise jurisdiction over admiralty cases absent some additional federal basis. Finding none, the court grants Plaintiff's Motion to Remand. The court further finds that Plaintiff is not entitled to an award of fees and costs under 28 U.S.C. § 1447(c).

### A. Federal Question Jurisdiction

Defendant contends that removal is proper because Plaintiff's state-law personal injury claims turn on substantial questions of federal law, thereby establishing federal question jurisdiction under Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005). (Def. Mem. at 8.) The court finds that Defendant has not met its burden of establishing federal question jurisdiction.

#### 1. Legal Standard

Federal question jurisdiction exists for "all civil actions arising under" federal law. 28 U.S.C. § 1331 (emphasis added). "Under the 'well-pleaded complaint rule,' a claim 'arises' under federal law only if a question of federal law appears on the face of the plaintiff's 'well pleaded complaint'—thus requiring a court to ignore any and all answers, defenses, and counterclaims." Nassau Cnty. Bridge Auth. v. Olsen, 130 F. Supp. 3d 753, 755-56 (E.D.N.Y. 2015) (citing Fleet Bank, Nat'l Ass'n v. Burke, 160 F.3d 883, 886 (2d Cir. 1998)). Federal

3

With regard to the third Grable factor, Defendant must show a substantial interest in litigating LHWCA-related questions in a federal forum. Gunn, 133 S. Ct. at 1066 ("The substantiality inquiry under Grable looks [] to the importance of the issue to the federal system as a whole."). In Grable, the Supreme Court found such an interest where the plaintiff's state-law quiet title action centered on a dispute over the Internal Revenue Service's notice requirements when pursuing unpaid federal taxes. Grable, 545 U.S. at 310-11. "The Government's 'direct interest in the availability of a federal forum to vindicate its own administrative action' made the question 'an important issue of federal law that sensibly belong[ed] in a federal court.'" Gunn, 133 S. Ct. at 1066 (quoting Grable, 545 U.S. at 315).

Here, the federal issue carries no such significance. While the parties' employment relationship under the LHWCA may prove dispositive in this action, the issue does not appear to have significant implications for "the federal system as a whole." Id. The LHWCA does not create a private right of action for suing non-employer third parties. See Rivera v. Horizon Offshore Contractors, Inc., No. 05-CV-6500 (HB), 2005 WL 3030841, at *2 (S.D.N.Y Nov. 10, 2005). In addition, the LHWCA does not preempt state laws on workers' compensation. See Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 716-17 (1980). It thus appears that Congress neither sought to guarantee a federal forum for individuals litigating third-party liability issues relating to the LHWCA, nor to guarantee uniformity on such issues across state lines. This makes the present action quite unlike Grable, where the Supreme Court emphasized the need for a federal forum to provide uniformity on matters of federal law with substantial importance to a federal agency's enforcement activities. See Grable, 545 U.S. at 312.

For similar reasons, the court finds that Defendant has not established the fourth Grable requirement, which considers whether the federal issue is "capable of resolution in federal court

question jurisdiction is "invoked by and large by plaintiffs pleading a cause of action created by federal law." Grable, 545 U.S. at 312.

The Supreme Court has held, however, that federal question jurisdiction also extends to state-law claims that "turn on substantial questions of federal law." Id.

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four requirements are met, . . . federal jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum" which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

Gunn v. Minton, — U.S. —, 133 S. Ct. 1059, 1065 (2013) (quoting Grable, 545 U.S. at 313-14).

### 2.    Application

Plaintiff has asserted only state-law causes of action, and so the case does not qualify for removal under the "well-pleaded complaint" rule. Defendant argues, however, that Plaintiff's negligence claim "arises under" federal law because Defendant plans to assert defenses provided for in the federal LHWCA. (Def. Mem. at 7-13.) The availability of a federal defense does not necessarily justify removal, however, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Mateo v. JetBlue Airways Corp., 847 F. Supp. 2d 383, 386 (E.D.N.Y. 2012) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)). Federal question jurisdiction will only exist if all four Grable requirements are satisfied. Gunn, 133 S. Ct. at 1065. The court assumes, without deciding, that federal issues related to LHWCA are necessarily raised and actually disputed, thereby satisfying the first two factors. Even so, the court finds that Defendant has not met its burden of satisfying the remaining Grable factors. The court therefore finds that federal question jurisdiction does not exist in this case.

without disrupting the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065.

The court has already determined that there is no special need for LHWCA-related issues to be

heard in a federal forum. Conversely, the fact that the LHWCA does not preempt state workers'

compensation laws preserves a major role for state courts and state legislatures in this area. See

Sun Ship, 447 U.S. at 724 (noting that states may provide for more generous workers'

compensation than the federal system). Indeed, if the court were to accept Defendant's

reasoning, then federal question jurisdiction would exist in any case involving the application of

the LHWCA. Such an outcome would surely upset the federal-state balance in a legal domain

where plaintiffs often rely primarily or entirely on state-law claims. See, e.g.,

Rivera, 2005 WL 3030841, at *2 (remanding a personal injury case premised on negligence

claims, one of which involved interpreting LHWCA); Eldoh v. Astoria Generating Co., 917

N.Y.S.2d 289, 292 (App. Div. 2011) (finding that the LHWCA did not preempt claims brought

under New York Labor Law and common-law negligence).

*    *    *

Plaintiff did not state a question of federal law on the face of his complaint. The court

further finds that Defendant failed to satisfy the Grable test with regard to its anticipated

LHWCA defense. Therefore, the court finds an absence of federal question jurisdiction in this

case.

## B.    Admiralty Jurisdiction

Defendant contends that the court has federal admiralty jurisdiction over this action, and

that removal is appropriate on that basis alone. (Def. Mem. at 3.) Defendant's argument accords

great importance to a 2011 amendment to Section 1441 (the "2011 Amendment"), as analyzed in

a line of cases beginning with Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772

(S.D. Tex. 2013). Courts in this jurisdiction and elsewhere have predominantly rejected the

Ryan interpretation, however. Consistent with those opinions, this court finds that the 2011 Amendment should not be interpreted to upset longstanding precedent holding that admiralty issues, standing alone, are insufficient to make a case removable.[1] Because the court finds no independent basis for federal jurisdiction, this case must be remanded.

1.    Admiralty Jurisdiction Before the 2011 Amendment

Prior to 2011, Section 1441 provided that an action was removable if the district court had "original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States." Then, as now, Section 1333 provided that the district courts shall have original jurisdiction, exclusive of the courts of the States, of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). This "saving to suitors" clause "has been interpreted by the Supreme Court as a means of preserving the role of state courts in administering common law remedies, such as a jury trial, in admiralty cases." Nassau, 130 F. Supp. 3d at 759; see also Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001) ("Thus, the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims."). To that end, the Supreme Court held long ago that admiralty cases did not present federal questions, and that admiralty cases were only removable if there was an independent basis of subject matter jurisdiction. See Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 371-72 (1959); see also Pierpont v. Barnes, 94 F.3d 813, 816 (2d Cir. 1996) (applying similar reasoning).

---

[1] In light of this finding, the court need not address the parties' dispute over whether admiralty jurisdiction even exists in this action. (Compare Def. Mem. at 3-5 with Pl.'s Mem. in Supp. of Mot. to Remand (Dkt. 7) at 4-6.)

2. The 2011 Amendment and Subsequent Case Law

The 2011 Amendment altered Section 1441 to remove the language about jurisdiction "founded on a claim or right under the Constitution, treaties or laws of the United States." Section 1441 now provides simply that a civil action is removable if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). Because Section 1333 vests the district courts with original jurisdiction over admiralty cases, the amended Section 1441 could be read as making admiralty actions newly removable. In Ryan, the Southern District of Texas adopted that logic and held that the 2011 Amendment meant that admiralty claims are now removable to federal court without an independent basis of federal jurisdiction. 945 F. Supp. 2d at 778.

This change, however, overrides the historic understanding of the "saving to suitors" clause, as articulated in clear Supreme Court precedent. Legislative history makes clear that Congress did not intend such a change. See Nassau, 130 F. Supp. 3d at 763. House Reports indicate that Congress's intention was to make modest procedural changes; there was no discussion of creating a new category of removable cases. See H.R. Rep. No. 112-10 at 12 (2011) ("This change is intended to make it easier for litigants to locate the provisions that apply uniquely to diversity removal."); see also Gregoire v. Enter. Marine Servs., LLC, 38 F. Supp. 3d 749, 763 (E.D. La. 2014) ("The House Report on the 2011 amendments evidences no intent to change the operation of removal of maritime or admiralty cases.").

The Second Circuit has not yet addressed the 2011 Amendment, but the majority of courts, including at least one in this district, have disagreed with Ryan by holding that, as has long been the case, admiralty claims are only removable if they possess an additional basis of federal jurisdiction. See Nassau, 130 F. Supp. 3d at 763; see also Langlois v. Kirby Inland Marine, LP, 139 F. Supp. 3d 804, 809-10 (M.D. La 2015) (collecting cases). Even within the

8

Fifth Circuit, the majority of district courts have rejected <u>Ryan</u> and concluded that "general

maritime claims are not removable absent some other independent basis of federal jurisdiction."

<u>See</u> <u>Clear Lake Marine Center, Inc. v. Leidolf</u>, No. H-14-3567, 2015 WL 1876338, at *2 (S.D.

Tex. Apr. 22, 2015) (collecting cases).

*     *     *

The court is persuaded by the weight of historical precedent on the purpose of the "saving

to suitors" clause, by the absence of any evidence that Congress intended to substantially alter

the doctrines of admiralty law, and by the clear consensus among the district courts. The court is

also conscious of its obligation to "resolve any doubts against removability." <u>Marlin Bus. Bank</u>,

18 F. Supp. 3d at 241 (quoting <u>In re Methyl</u>, 488 F.3d at 124). The court therefore holds that

common-law admiralty claims continue to require an independent basis of federal jurisdiction in

order to be removed. No such basis exists in this case. Accordingly, the case must be remanded.

## C.     Fees and Costs

Plaintiff has requested an award of the "fees and costs incurred as a result of Defendant's

improper removal." (Pl. Mem. in Supp. of Mot. to Remand ("Pl. Mem.") (Dkt. 7) at 8.) Fees

and costs are authorized under 28 U.S.C. § 1447(c), but "there is no reason to suppose Congress

meant to confer a right to remove, while at the same time discouraging its exercise in all but

obvious cases." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 140 (2005). "Absent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal." <u>Id.</u> at 141. The court finds that

Defendant had an "objectively reasonable basis" for removal in light of the factual disputes and

legal uncertainties noted above. Therefore, the court declines to award costs and fees under

Section 1447(c).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (Dkt. 7) is GRANTED, and the entire action is REMANDED to the Supreme Court of New York, Kings County. The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of Court of Supreme Court of New York, County of Kings, and to close the case in this court pursuant to 28 U.S.C. § 1447(c). Plaintiff's request for fees and costs is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS

United States District Judge

Dated: Brooklyn, New York
      December 14, 2016